Nagle *vs.* Macy.

---

## NAGLE vs. MACY.

*Twelfth District Court, for San Francisco Co., Nov. T.*, 1857.

### MOTION TO SET ASIDE REPORT OF REFEREE.

Upon a motion to set aside the report of a referee if no rulings upon points of law nor exceptions appear, the motion must be denied provided the conclusions of the referee can be sustained upon any view of the facts reported.

On motion to set aside the report of a referee and for a new trial. The facts are sufficiently set forth in the opinion.

*J. Satterlee*, for plaintiff,

*G. P. Fobes*, for defendant.

NORTON, J.—This is an action of ejectment which was referred for trial, by consent of counsel, to a referee. He has filed his report in which he finds in favor of plaintiff. Motion is now made to set aside the report and for a new trial.

Neither party has shown a paper title, both relying on possession solely. In a case of this kind where a cause is referred, the parties should, on the reference, request the referee to rule upon the points which they desire to reserve for reliance on a motion to set aside the report or for any other purpose, and should request the referee to note their exceptions, and then in a motion of this kind these points could be made the grounds for the application, otherwise it will generally be impossible to know whether the finding has been the result of any error of law and the conclusions of the referee will be sustained if any possible view of the facts would authorise it. *Leavenworth,* plaintiff's grantor, was in possession of the premises in controversy some time in 1849, and sold to *Evans* and took back a mortgage. *Evans* being unable to pay, surrendered possession to *Leavenworth,* as he testifies. After this, *Leavenworth* brought an action of foreclosure in the district court of the fourth judicial district in which *Evans* appeared in open court and consented that a decree in accordance with the prayer of the complaint should be entered against him; this was accordingly done, and in pursuance thereof the premises were sold by the sheriff and bought in by *Leavenworth.* Before, however, the former had executed his deed to the latter, *Evans* died, thus avoiding the deed. *Leavenworth* retained possession of the lot for a time, and afterwards moved elsewhere leaving the lot vacant. Plaintiff subsequently, some time in 1854, entered on the premises and has retained them up to the present time. *Leavenworth* has since sold to plaintiff who brings this action to recover possession of the land, and the referee as before stated, finds in his favor.

On the argument of this motion defendant's counsel contended that the deed executed by the sheriff to *Leavenworth* after the death of *Evans,* being absolutely void should not have been admitted in evidence by the referee. Its admission however, it seems did defendant no harm, for the referee says in his report that it did not convey the title, which was vested in *Evans,* to *Leavenworth,*—so that upon whatever grounds the referee may have based his final conclusion, this deed

could not have been one of them, nor could it, as is apparent from the language of the report, have influenced the referee's judgment in any manner prejudicially to the interests of the defendant.

Inasmuch as defendants do not connect themselves with the outstanding title existing in *Evans* or in his representatives they cannot as a defense to this action avail themselves of it. The referee may have found that the surrender by *Evans* to *Leavenworth* invested the latter with a posssession which it did not appear that he had ever in a legal sense abandoned. However that may be, there are no such errors assigned as must necessarily overthrow the referee's report which is therefore confirmed. Let an order be entered accordingly.